# EXHIBIT A

EX. A, PAGE 4

Electronically FILED by Superior Court of California, County of Riverside on 05/30/2025 09/2025 02:52 PM
Case Number CVRI2502167 0000128734366 - Jason B. Galkin, Executive Officer/Clerk of the Court By Joanne Bishop, Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | *FOR COURT USE ONLY* |
|---|---|
| Barkhordar Labor Law Group<br>Parham Barkhordar SBN 307393<br>10940 Wilshire Blvd, Suite 1600<br>Los Angeles, California 90024<br>TELEPHONE NO: (310) 808-7247 (cell)    FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: parham@barkhordarlawgroup.com<br>ATTORNEY FOR *(Name)*: Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Riverside
STREET ADDRESS:   4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE:   Riverside, 92501-3703
BRANCH NAME:   Riverside-Riverside Historic Courthouse

| PLAINTIFF / PETITIONER:   David Solomons | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   Target Corporation, et al. | CVRI2502167 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>13243270 (25192842) |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*:    Certificate of Counsel
3. a. Party served *(specify name of party as shown on documents served)*:
   Target Corporation
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   CT Corporation System - Daisy Montenegro, Intake Specialist - Person Authorized to Accept Service of Process
4. Address where the party was served:
   330 North Brand Blvd #700, Glendale, CA 91203
5. I served the party *(check proper box)*
   a. [X] **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:    Wed, May 07 2025                (2) at *(time)*:   12:33 PM
   b. [ ] **by substituted service**. On *(date)*:                at *(time)*:                I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
      from *(city)*:                                    or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

---

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Page 1 of 2
Code of Civil Procedure, § 417.10

EX. A, PAGE 5

| PLAINTIFF / PETITIONER:    David Solomons<br>DEFENDANT / RESPONDENT:    Target Corporation, et al. | CASE NUMBER:<br>CVRI2502167 |
|---|---|

5.    c.    ☐    **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

     (1)    on *(date)*:                (2)    from *(city)*:

     (3)    ☐    with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

     (4)    ☐    to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.    ☐    **by other means** *(specify means of service and authorizing code section)*:

       ☐    Additional page describing service is attached.

6.    The "Notice to the Person Served" (on the summons) was completed as follows:

   a.    ☐    as an individual defendant.

   b.    ☐    as the person sued under the fictitious name of *(specify)*:

   c.    ☐    as occupant.

   d.    ☒    On behalf of *(specify)*:    Target Corporation

       under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| ☐ other: | |

7.    **Person who served papers**

   a.    Name:                Joshua May

   b.    Address:           1400 North McDowell Blvd Suite 300, Petaluma, CA  94954

   c.    Telephone number:      800-938-8815

   d.    **The fee** for service was:    $50.00

   e.    I am:

     (1)    ☐    not a registered California process server.

     (2)    ☐    exempt from registration under Business and Professions Code section 22350(b).

     (3)    ☒    a registered California process server:

         (i)      ☐ owner    ☐ employee    ☒ independent contractor

         (ii)     Registration No:    2022270694

         (iii)    County:    Los Angeles

8.    ☒    **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

       or

9.    ☐    **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:    May 8, 2025

Joshua May

_____

   (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 North McDowell Blvd Suite 300,
Petaluma, CA  94954
800-938-8815

_____
                                       (SIGNATURE)

Electronically FILED by Superior Court of California, County of Riverside on 04/18/2025 04:12 PM
Case Number CVRI2502167 0000126383486 - Jason B. Galkin, Executive Officer/Clerk of the Court By Brian Votruba, Clerk

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TARGET CORPORATION, ELIZABETH HUERTA, and DOES 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DAVID SOLOMONS, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* ~~Menifee Justice Center~~
~~27401 Menifee Center Drive~~ Riverside Historic Courthouse
~~Menifee, CA 92584~~ 4050 Main Street
Riverside, CA 92501

CASE NUMBER:
*(Número del Caso):*

**CVRI2502167**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Parham Barkhordar; Barkhordar Labor Law Group; 10940 Wilshire Blvd, Ste 1600, Los Angeles, CA 90024

DATE: 4/18/2025                                   Clerk, by _____, Deputy
*(Fecha)*                                            *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

GC68150(g)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Target Corporation
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

EX. A, PAGE 7

Electronically FILED by Superior Court of California, County of Riverside on 04/18/2025 04:12 PM
Case Number CVRI2502167 0000126383485 - Jason B. Galkin, Executive Officer/Clerk of the Court By Brian Votruba, Clerk

**BARKHORDAR LABOR LAW GROUP**
10940 Wilshire Blvd, Suite 1600
Los Angeles, California 90024
(310) 808-7247(cell)
PARHAM BARKHORDAR, STATE BAR NO. 307393
Email: parham@barkhordarlawgroup.com

Attorneys for Plaintiff,
DAVID SOLOMONS

BARKHORDAR LABOR LAW GROUOP
10940 Wilshire Blvd, Suite 1600
Los Angeles, CA 90024
Telephone (310) 808-7247

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| DAVID SOLOMONS, an individual, | Case No.: CVRI2502167 |
| Plaintiff, | COMPLAINT FOR: |
| vs. | 1. DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF CAL. GOVT. CODE § 12940(a) (FEHA); |
| TARGET CORPORATION, ELIZABETH HUERTA, and DOES 1 through 25, inclusive, | 2. RETALIATION IN VIOLATION OF CAL. GOVT. CODE §§ 12940, *ET SEQ.* (FEHA) |
| Defendants. | 3. FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF CAL. GOVT. CODE §§ 12940, *ET SEQ.* (FEHA) |
| | 4. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY |
| | 5. NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS |
| | 6. VIOLATION OF CFRA RIGHTS (INTERFERENCE) |
| | 7. CFRA RETALIATION |

**DEMAND FOR JURY TRIAL**

1

COMPLAINT

EX. A, PAGE 8

Plaintiff DAVID SOLOMONS hereby brings a complaint against the above-named Defendants and states and alleges as follows:

## PRELIMINARY ALLEGATIONS

1.      At all times material herein, Plaintiff, DAVID SOLOMONS (hereinafter referred to as "Plaintiff") was and is a resident of the State of California, Riverside County.

2.      Plaintiff is informed and believes and thereon alleges that Defendant, TARGET CORPORATION. (hereinafter referred to as "Target" or collectively as "Defendants") is a Minneapolis entity, and was at all times mentioned in this complaint duly licensed to do business, was and is doing business, under and by virtue of the laws of the State of California, in Riverside County.

3.      Plaintiff is informed and believes and thereon alleges that Defendant ELIZABETH HUERTA (hereinafter referred to as "Ms. Flores" or collectively as "Defendants") was and is a resident of the State of California, County of Los Angeles.

4.      Defendants DOES 1 through 25, inclusive, at all times, were under the direct supervision, employ, and control of Defendants. In doing the acts alleged herein, defendants DOES 1 through 25 were acting within the course and scope of their employment and agency with Defendants. The true names and capacities of defendants named herein as DOES 1 through 25, inclusive, are unknown to plaintiffs who therefore sue such defendants by such fictitious names pursuant to California Code of Civil Procedure § 474. Plaintiffs are informed and believe that the DOE defendants are California residents. Plaintiffs will amend this Complaint to show true names and capacities when they have been determined. Plaintiffs are informed and believe, and on the basis of such information and belief allege, that each defendant DOE herein is in some manner responsible for the claims and damages herein alleged.

5.      The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 25 are unknown to plaintiff who therefore sues these defendants under said fictitious names.  Plaintiff is informed and believes that each of the defendants named as a Doe defendant is legally responsible in some manner for the events referred to in this complaint, either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or otherwise, for the injuries and damages described below to this Plaintiff.  Plaintiff will in the future seek leave of this court to show the true names and capacities of these Doe defendants when it has been ascertained.

2

COMPLAINT

BARKHORDAR LABOR LAW GROUOP
10940 Wilshire Blvd, Suite 1600
Los Angeles, CA 90024
Telephone (310) 808-7247

BARKHORDAR LABOR LAW GROUOP
10940 Wilshire Blvd, Suite 1600
Los Angeles, CA 90024
Telephone (310) 808-7247

6.    Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

7.    Hereinafter in this Complaint, unless otherwise specified, reference to a Defendant or Defendants shall refer to all Defendants, and each of them.

8.    Plaintiff filed charges against Defendants with the State of California, Department of Fair Employment and Housing. The Department of Fair Employment and Housing closed Plaintiffs' case in order to allow Plaintiff to pursue his civil remedies under the Fair Employment Housing Act (FEHA) and issued Plaintiff a right-to-sue letter dated April 18, 2025.

## FACTUAL ALLEGATIONS

9.    Plaintiff DAVID SOLOMONS ("Mr. Solomons") is an experienced operations leader with a strong background in chain management, having worked for different retail corporations, including Walmart and Sprouts, throughout his career. Mr. Solomons found an opportunity to work for TARGET CORPORATION ("Defendant" or "Target") in or around September 2018. Mr. Solomons was hired as an Operations Manager for Defendant's location in Rialto, CA with an annual salary of $82,000. In his role, Mr. Solomons was primarily responsible for the day-to-day operations of the store, with a wide range of duties including, but not limited to, safety, training, productivity, qualify, time and attendance, team building, among other duties. Mr. Solomons initially reported to his managers, Manuel Cortez and Jaeson Zinke, for the first few years of his employment until Defendant Elizabeth Huerta became Plaintiff's Senior Operations Manager.

10.    Mr. Solomons performed his job satisfactorily until he ran into conflict when his disability and/or disabilities started to interfere with his ability to perform the essential functions of his job. Specifically, in or around January 2024, Mr. Solomon's physician(s) put Plaintiff on medical leave due to COVID-19. Plaintiff's COVID-19 individually and collectively interfered with Plaintiff's major life activities, including but not limited to, taking care of himself, engaging in social activities, and working. Mr. Solomon provided supporting medical documentation and asked that Defendant grant a short medical leave from approximately January 20, 2024 through February 4, 2024. Defendant seemingly granted Plaintiff's request for accommodation, for which

3
COMPLAINT

EX. A, PAGE 10

BARKHORDAR LABOR LAW GROUOP
10940 Wilshire Blvd, Suite 1600
Los Angeles, CA 90024
Telephone (310) 808-7247

Mr. Solomons was grateful. However, Mr. Solomons started to sense that his Senior Operations Manager, Defendant Elizabeth Huerta, was not happy with Plaintiff's absences and/or how Plaintiff's protected absences would impact his "performance." Still, Mr. Solomons did his best to focus on his job and do the best he could.

11.     Unbeknownst to Defendant, Plaintiff privately struggled with depression and/or anxiety. During or around April 2024, Mr. Solomons suffered from flare-ups and/or complications in connection with his mental-health-related disabilities. While Mr. Solomons put on a brace face and attempted to continue to perform his job as best as he could, at times, he felt so overwhelmed and depressed that his physician would recommend that Mr. Solomons avail himself of intermittent leave to recuperate and manage his symptoms. To that end, Mr. Solomons' physician(s) put Plaintiff on leave from approximately April 27, 2024 through May 6, 2024, May 1, 2024 through May 26, 2024, June 8, 2024 through June 10, 2024, and June 10, 2024 through June 18, 2024.

12.     At all times, Defendant was aware of Plaintiff's medical situation and/or need for an accommodation. Mr. Solomons put Defendant on notice of a CFRA/FMLA qualifying leave, for which Defendant was obligated to notify Mr. Solomons of his eligibility within five (5) business days.

13.     Despite Defendant's apparent agreement to accommodate Plaintiff's intermittent leave, it became quickly apparent that Defendant Elizabeth Huerta ("Ms. Huerta") was not happy with Plaintiff's intermittent absences. As such, Ms. Huerta began to frequently criticize Mr. Solomons' performance. In reality, Ms. Huerta's criticisms were thinly veiled attempts to push Mr. Solomons out of the company, or build a paper trail to fire Mr. Solomons based on his disability.

14.     Not surprisingly, in what can be described as retaliatory measures for having exercised his right to take intermittent medical leave to care for his own serious health condition (disability), Ms. Huerta put Plaintiff on a "Performance Improvement Plan" ("PIP") on or around July 22, 2024, shortly after Plaintiff's return from his last stint of leave. Ms. Huerta cited "failure" to execute various "leadership routines" to justify why Plaintiff was put on a PIP and "afforded" Mr. Solomons time until September 1, 2024 to "improve" his performance.

4

BARKHORDAR LABOR LAW GROUOP
10940 Wilshire Blvd, Suite 1600
Los Angeles, CA 90024
Telephone (310) 808-7247

15. Of course, Ms. Huerta did not care that Mr. Solomons – who had served the company for the last six (6) years – was going through personal hardship and was battling depression and anxiety, nor was Ms. Huerta truly interested in engaging with Plaintiff to "improve" any vague performance issue(s) Plaintiff was being unfairly criticized for.

16. Instead, not surprisingly, on or around September 2, 2024, Defendants terminated Plaintiff's employment. In reality, Ms. Huerta terminated Mr. Solomons because she did not want to tolerate any intermittent absences Plaintiff would need as reasonable accommodation for his mental-health-related disabilities, or bear any alleged inattentiveness to his job during the same period.

17. As a result of Defendant's illegal and discriminatory conduct, Mr. Solomons lost a job that he cared deeply about at the age of 60. Defendant's behavior has further caused Mr. Solomons to experience financial harm, as he struggles to find employment despite his diligent efforts to secure employment, and irreparable damage to Mr. Solomons' professional reputation. Just as unfortunate, Mr. Solomons continues to suffer severe depression, anxiety, and emotional distress due to the unlawful termination that Defendants inflicted upon Mr. Solomons.

## FIRST CAUSE OF ACTION
### DISCRIMINATION BASED ON DISABILITY
### IN VIOLATION OF CAL. GOVT. CODE §§ 12940, *ET SEQ.*
### (Against Defendant TARGET CORPORATION and DOES 1-25 ONLY)

18. Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every preceding paragraph.

19. At all times herein mentioned, California Government Code § 12940 et seq., the Fair Employment and Housing Act ("FEHA"), was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons.

20. California Government Code § 12940(a) requires Defendants to refrain from discriminating against any employee on the basis of disability. Per California Government Code section 12926.1(b), "disability" includes, but is not limited to, protection from discrimination due to actual or perceived impairment that is disabling, potentially disabling, or perceived to be disabling.

EX. A, PAGE 12

BARKHORDAR LABOR LAW GROUOP
10940 Wilshire Blvd, Suite 1600
Los Angeles, CA 90024
Telephone (310) 808-7247

21. Defendants engaged in unlawful employment practices in violation of the FEHA by terminating Plaintiff from his position on the basis of his disability and his protected medical leaves.

22. Plaintiff is informed and believes and based thereon alleges that her disability was a motivating factor in Defendants' decision to terminate Plaintiff and other discrimination against him, in violation of Government Code section 12940(a).

23. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

24. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

25. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Code § 12965(b).

26. Defendant had in place policies and procedures that specifically prohibited discrimination and required Defendant's managers, officers, and agents to prevent discrimination against and upon employees of Defendant based on the protected classes identified in the California Fair Employment Housing Act. Defendant's managers, officers, and/or agents of Defendant, including Frank Bandera and other managers, officers, and agents, were aware of such policies and procedures. However, Defendant, through these managers, officers, and agents, chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by Defendant to Plaintiff. Further, Elizabeth

6

COMPLAINT

EX. A, PAGE 13

BARKHORDAR LABOR LAW GROUOP
10940 Wilshire Blvd, Suite 1600
Los Angeles, CA 90024
Telephone (310) 808-7247

Huerta as well as other managers and agents, perpetrated despicable conduct, so vile, base, or contemptible that it would be looked down on and despised by reasonable people. For instance, Ms. Huerta knew Mr. Solomons was going through hardship because of his mental-health-related disabilities and relied upon his employment to provide for his family; however, Ms. Huerta heartlessly discriminated against Mr. Solomons based on his disability, including, but not limited, terminating Plaintiff's employment, understanding that Mr. Solomons would be utterly devasted, and would likely face significant financial difficulty while trying to secure employment at the age of sixty (60). Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## SECOND CAUSE OF ACTION

### RETALIATION IN VIOLATION OF CAL. GOVT. CODE §§ 12940, *ET SEQ.*

### (Against Defendant TARGET CORPORATION and DOES 1-25 ONLY)

27.     Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every preceding paragraph.

28.     Plaintiff engaged in conduct protected by the FEHA.  Specifically, Plaintiff engaged in protected conduct by requesting to go on protected, intermittent medical leaves to recuperate from his disability. Defendants were informed of Plaintiff's disability and requests for accommodations.  Defendants were thereby placed on express notice that Plaintiff had one or more disabilities within the meaning of the FEHA, California Government Code sections 12940 and 12926.

29.     Thereafter, Defendants retaliated against Plaintiff by terminating his employment for having exercised his right to avail himself of intermittent medical leave from approximately January 2024 through June 2024.

30.     Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendants, and each of them, have engaged in other retaliatory actions against Plaintiff which are not yet fully known.  At such time as said discriminatory practices become known to him, Plaintiff will seek leave of this Court to amend this Complaint.

EX. A, PAGE 14

BARKHORDAR LABOR LAW GROUOP
10940 Wilshire Blvd, Suite 1600
Los Angeles, CA 90024
Telephone (310) 808-7247

31.    As a direct and proximate result of the acts of Defendants, Plaintiff has and will continue to suffer severe mental anguish and emotional distress in the form of anger, anxiety, embarrassment, humiliation, loss of sleep, loss of confidence, loss of self-esteem and general discomfort; will incur medical expenses for treatment by health care professionals, and other incidental expenses; suffer loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in an amount according to proof at trial.

32.    As a direct and proximate result of Defendants' discriminatory conduct, as alleged herein, Plaintiff has been compelled to retain legal counsel, and is therefore entitled to reasonable attorneys' fees and costs of suit, pursuant to Government Code sections 12940 and 12965 subdivision (b).

33.    Defendant had in place policies and procedures that specifically prohibited discrimination and required Defendant's managers, officers, and agents to prevent discrimination against and upon employees of Defendant based on the protected classes identified in the California Fair Employment Housing Act.  Defendant's managers, officers, and/or agents of Defendant, including Frank Bandera and other managers, officers, and agents, were aware of such policies and procedures.  However, Defendant, through these managers, officers, and agents, chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by Defendant to Plaintiff. Further, Elizabeth Huerta as well as other managers and agents, perpetrated despicable conduct, so vile, base, or contemptible that it would be looked down on and despised by reasonable people. For instance, Ms. Huerta knew Mr. Solomons was going through hardship because of his mental-health-related disabilities and relied upon his employment to provide for his family; however, Ms. Huerta heartlessly discriminated against Mr. Solomons based on his disability, including, but not limited, terminating Plaintiff's employment, understanding that Mr. Solomons would be utterly devasted, and would likely face significant financial difficulty while trying to secure employment at the age of sixty (60). Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to

EX. A, PAGE 15

BARKHORDAR LABOR LAW GROUOP
10940 Wilshire Blvd, Suite 1600
Los Angeles, CA 90024
Telephone (310) 808-7247

be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## THIRD CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION AND RETALIATION

### IN VIOLATION OF CAL. GOVT. CODE §§ 12940, *ET SEQ.*

### (Against Defendant TARGET CORPORATION and DOES 1-25 ONLY)

34. Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every preceding paragraph.

35. At all times mentioned herein, California Government Code sections 12940, et seq., including but not limited to Sections 12940 (j) and (k), were in full force and effect and were binding upon Defendants and each of them.  These sections impose on an employer a duty to take immediate and appropriate corrective action to end discrimination and retaliation and take all reasonable steps necessary to prevent discrimination and retaliation from occurring, among other things.

36. Defendants failed to take immediate and appropriate corrective action to end the discrimination and retaliation. Defendants also failed to take all reasonable steps necessary to prevent the retaliation and discrimination from occurring.

37. In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination and retaliation and in failing and/or refusing to take and or all reasonable steps necessary to prevent retaliation and discrimination from occurring, Defendants violated California Government Code section 12940, subsections (j) and (k), causing Plaintiff to suffer damages as set forth above.

38. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest.

39. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and

9

COMPLAINT

BARKHORDAR LABOR LAW GROUOP
10940 Wilshire Blvd, Suite 1600
Los Angeles, CA 90024
Telephone (310) 808-7247

embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

40.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code section 12965(b).

41.     Defendant had in place policies and procedures that specifically prohibited discrimination and required Defendant's managers, officers, and agents to prevent discrimination against and upon employees of Defendant based on the protected classes identified in the California Fair Employment Housing Act. Defendant's managers, officers, and/or agents of Defendant, including Frank Bandera and other managers, officers, and agents, were aware of such policies and procedures. However, Defendant, through these managers, officers, and agents, chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by Defendant to Plaintiff. Further, Elizabeth Huerta as well as other managers and agents, perpetrated despicable conduct, so vile, base, or contemptible that it would be looked down on and despised by reasonable people. For instance, Ms. Huerta knew Mr. Solomons was going through hardship because of his mental-health-related disabilities and relied upon his employment to provide for his family; however, Ms. Huerta heartlessly discriminated against Mr. Solomons based on his disability, including, but not limited, terminating Plaintiff's employment, understanding that Mr. Solomons would be utterly devasted, and would likely face significant financial difficulty while trying to secure employment at the age of sixty (60). Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

COMPLAINT

BARKHORDAR LABOR LAW GROUOP
10940 Wilshire Blvd, Suite 1600
Los Angeles, CA 90024
Telephone (310) 808-7247

## FOURTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against Defendant TARGET CORPORATION and DOES 1-25 ONLY)

42.     Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every preceding paragraph.

43.     At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code section 12940, is to prohibit employers from discriminating, harassing and retaliating against any individual on the basis of, but not limited to, sex, race, age, disability and national origin as identified in California Government Code section 12940 (a)-(o) and section 12926.  This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.  Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in Government Code sections 12940 et seq., and the laws and regulations promulgated thereunder.

44.     As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest.

45.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

46.     The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and

11

BARKHORDAR LABOR LAW GROUOP
10940 Wilshire Blvd, Suite 1600
Los Angeles, CA 90024
Telephone (310) 808-7247

safety of Plaintiff, and in direct violation of California law, thereby justifying an award of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

47.    Defendant had in place policies and procedures that specifically prohibited discrimination and required Defendant's managers, officers, and agents to prevent discrimination against and upon employees of Defendant based on the protected classes identified in the California Fair Employment Housing Act.  Defendant's managers, officers, and/or agents of Defendant, including Frank Bandera and other managers, officers, and agents, were aware of such policies and procedures.  However, Defendant, through these managers, officers, and agents, chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by Defendant to Plaintiff. Further, Elizabeth Huerta as well as other managers and agents, perpetrated despicable conduct, so vile, base, or contemptible that it would be looked down on and despised by reasonable people. For instance, Ms. Huerta knew Mr. Solomons was going through hardship because of his mental-health-related disabilities and relied upon his employment to provide for his family; however, Ms. Huerta heartlessly discriminated against Mr. Solomons based on his disability, including, but not limited, terminating Plaintiff's employment, understanding that Mr. Solomons would be utterly devasted, and would likely face significant financial difficulty while trying to secure employment at the age of sixty (60). Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

**FIFTH CAUSE OF ACTION**

**NEGLIGENT INTERFERENCE WITH PROSPECTIVE**

**ECONOMIC RELATIONS**

**(Against All Defendants and DOES 1-25)**

48.    Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every preceding paragraph.

12

COMPLAINT

BARKHORDAR LABOR LAW GROUOP
10940 Wilshire Blvd, Suite 1600
Los Angeles, CA 90024
Telephone (310) 808-7247

49. Plaintiff DAVID SOLOMONS and Defendant Target Corporation were in an economic relationship that would have resulted in an economic benefit to Plaintiff.

50. Defendants, including ELIZABETH HUERTA, knew or should have known of the economic relationship given Plaintiff had been working for Target Corporation since 2018 in exchange for compensation pursuant to the employment offer extended to Plaintiff.

51. Defendant ELIZABETH HUERTA knew or should have known that this relationship would be disrupted if Defendants failed to act with reasonable care.

52. Defendant ELIZABETH HUERTA failed to act with reasonable care by retaliating against Plaintiff for having exercised his right to go on protected, intermittent medical leaves to recuperate from his disability.

53. The conduct of Defendants was a substantial factor in causing Plaintiff's harm.

54. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest.

55. As a result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered compensatory damages and is entitled to compensation for all harm caused by the breach that in the ordinary course could be expected to result from it, including, without limitation, any foreseeable damages and/or expenses incurred as a result of Defendant's breach.

## SIXTH CAUSE OF ACTION

### VIOLATION OF CFRA RIGHTS (INTERFERENCE)

### (Against Defendant TARGET CORPORATION and DOES 1-25 ONLY)

56. Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every preceding paragraph.

57. At all times herein mentioned, the California Family Rights Act ("CFRA" Gov. Code, §§ 12945.1 et seq.), was in full force and effect and was binding on Defendants, as Defendants qualified as an "employer" under Gov. Code, § 12945.2(b)(3)(A), which was

13

COMPLAINT

recently amended pursuant to Senate Bill 1383 to include any person or entity employing five or more persons.

58.     The CFRA entitles an employee who has at least 1,250 hours of service with the employer during the previous 12-month period or who meets the requirements of subdivision 12945.2 (r), to take up to a total of 12 workweeks in any 12-month period for family care and medical leave, including for reason of caring for a family member with a serious health condition. Effective January 1, 2023, the definition of "family member" under CFRA includes a "designated person", such as an unmarried partner.

59.     An employee who takes CFRA leave is guaranteed that taking such leave will not result in a loss of job security or other adverse employment actions. Upon an employee's timely return from CFRA leave, an employer must restore the employee to the same or a comparable position. An employer is not required to reinstate an employee who cannot perform her job duties after the expiration of a protected medical leave. (See Gov. Code 12945.2; See also Rogers v. County of Los Angeles (2011) 198Cal.App.4th 480, 487.)

60.     It is unlawful to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under CFRA. (Gov. Code 12945.2(q)) "A CFRA interference claim ' "consists of the following elements: (1) the employee's entitlement to CFRA leave rights; and (2) the employer's interference with or denial of those rights." ' " (Soria v. Univision Radio Los Angeles, Inc. (2016) 5 Cal.App.5th 570, 601.)

61.     Plaintiff was eligible for leave under CFRA because Plaintiff was employed by Defendant for at least 12 months and served Defendant for at least 1,250 hours during the 12-month period before Plaintiff's requested leave of absence. As such, Plaintiff was entitled to a leave of absence no less than 12 weeks, in addition to a guarantee of reinstatement in the same or a comparable position upon return from leave. This leave of absence could have been taken on an extended or intermittent basis.

62.     Plaintiff indeed requested leave and subsequently took (and attempted to take) leave to care for his own serious health condition.

63.     Plaintiff further provided reasonable notice to Defendant about his need for leave.

64.     Thereafter, Defendant interfered with Plaintiff's CFRA rights, as described at length in the section entitled "Factual Allegations".

BARKHORDAR LABOR LAW GROUOP
10940 Wilshire Blvd, Suite 1600
Los Angeles, CA 90024
Telephone (310) 808-7247

14

COMPLAINT

BARKHORDAR LABOR LAW GROUOP
10940 Wilshire Blvd, Suite 1600
Los Angeles, CA 90024
Telephone (310) 808-7247

65.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

66.     As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes, and thereupon alleges, that Plaintiff will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

67.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute Plaintiff's claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under Code § 12965(b).

68.     Defendant had in place policies and procedures that specifically prohibited discrimination and required Defendant's managers, officers, and agents to prevent discrimination against and upon employees of Defendant based on the protected classes identified in the California Fair Employment Housing Act.  Defendant's managers, officers, and/or agents of Defendant, including Frank Bandera and other managers, officers, and agents, were aware of such policies and procedures.  However, Defendant, through these managers, officers, and agents, chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by Defendant to Plaintiff. Further, Elizabeth Huerta as well as other managers and agents, perpetrated despicable conduct, so vile, base, or contemptible that it would be looked down on and despised by reasonable people. For instance, Ms. Huerta knew Mr. Solomons was going through hardship because of his mental-health-related disabilities and relied upon his employment to provide for his family; however, Ms. Huerta heartlessly discriminated against Mr. Solomons based on his disability, including, but not limited, terminating Plaintiff's employment, understanding that Mr. Solomons would be utterly

15

COMPLAINT

EX. A, PAGE 22

BARKHORDAR LABOR LAW GROUOP
10940 Wilshire Blvd, Suite 1600
Los Angeles, CA 90024
Telephone (310) 808-7247

devasted, and would likely face significant financial difficulty while trying to secure employment at the age of sixty (60). Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

**SEVENTH CAUSE OF ACTION**

**CFRA RETALIATION**

**(Against Defendant TARGET CORPORATION and DOES 1-25 ONLY)**

69.    Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every preceding paragraph.

70.    Employers may not retaliate against employees for taking or requesting a CFRA leave. (Gov. Code, § 12945.2(k).)

71.    As discussed in the preceding section, Plaintiff was eligible for CFRA. Plaintiff requested, then subsequently took (or attempted to take) a leave protected by CFRA. Defendant subsequently subjected Plaintiff to the adverse employment actions described at length in the section entitled "Factual Allegations". Plaintiff's requests for and/or utilizations of leave were a substantial motivating reason for the adverse employment action.

72.    As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

73.    As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes, and thereupon alleges, that Plaintiff will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

16

COMPLAINT

74.    As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute Plaintiff's claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Code § 12965(b).

75.    Defendant had in place policies and procedures that specifically prohibited discrimination and required Defendant's managers, officers, and agents to prevent discrimination against and upon employees of Defendant based on the protected classes identified in the California Fair Employment Housing Act. Defendant's managers, officers, and/or agents of Defendant, including Frank Bandera and other managers, officers, and agents, were aware of such policies and procedures. However, Defendant, through these managers, officers, and agents, chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by Defendant to Plaintiff. Further, Elizabeth Huerta as well as other managers and agents, perpetrated despicable conduct, so vile, base, or contemptible that it would be looked down on and despised by reasonable people. For instance, Ms. Huerta knew Mr. Solomons was going through hardship because of his mental-health-related disabilities and relied upon his employment to provide for his family; however, Ms. Huerta heartlessly discriminated against Mr. Solomons based on his disability, including, but not limited, terminating Plaintiff's employment, understanding that Mr. Solomons would be utterly devasted, and would likely face significant financial difficulty while trying to secure employment at the age of sixty (60). Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1.   For all actual, consequential and incidental financial losses, including, but not limited to, loss of earnings and employee benefits, according to proof;

2.   For injunctive relief;

3.   For statutory penalties, according to proof;

17

COMPLAINT

EX. A, PAGE 24

BARKHORDAR LABOR LAW GROUOP
10940 Wilshire Blvd, Suite 1600
Los Angeles, CA 90024
Telephone (310) 808-7247

4. For general damages, according to proof;

5. For special damages, according to proof;

6. For attorney's fees, according to proof;

7. For prejudgment interest, according to proof;

8. For punitive and exemplary damages, according to proof;

9. For costs of suit incurred herein;

10. For declaratory relief; and,

11. For such other relief that the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury

DATED: April 18, 2025                    BARKHORDAR LABOR LAW GROUP

By: *Parham Barkhordar*

PARHAM BARKHORDAR
Attorney for Plaintiff,
DAVID SOLOMONS

BARKHORDAR LABOR LAW GROUOP
10940 Wilshire Blvd, Suite 1600
Los Angeles, CA 90024
Telephone (310) 808-7247

18

COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Parham Barkhordar, (SBN: 307393); BARKHORDAR LABOR LAW GROUP<br>10940 Wilshire Blvd, Suite 1600, Los Angeles, CA 90024<br><br>TELEPHONE NO.: 310-808-7247    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS: parham@barkhordarlawgroup.com<br>ATTORNEY FOR *(Name)*: David Solomons | Electronically FILED by Superior Court of California, County of Riverside on 04/18/2025 04:12 PM<br>Case Number CVRI2502167 0000126383497 - Jason B. Galkin, Executive Officer/Clerk of the Court By Brian Votruba, Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** RIVERSIDE
STREET ADDRESS: ~~27401 Menifee Center Drive~~
MAILING ADDRESS: ~~27401 Menifee Center Drive~~
CITY AND ZIP CODE: ~~Menifee, CA 92584~~
BRANCH NAME: ~~Menifee Justice Center~~

Riverside Historic Courthouse
4050 Main Street
Riverside, CA 92501

CASE NAME:
David Solomons v. Target Corporation, Elizabeth Huerta, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CVRI2502167 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* 7
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 18, 2025
Parham Barkhordar
(TYPE OR PRINT NAME)

▶ *Parham Barkhordar*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

EX. A, PAGE 27